IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLACK MOUNTAIN EQUITIES, INC., <br><br>*Plaintiff*, <br><br>vs. <br><br>AMERICAN STOCK TRANSFER <br>& TRUST COMPANY, LLC, <br><br>*Defendant*. | **ORIGINAL COMPLAINT** <br><br><br>Case No. _____ |

## I.
## INTRODUCTION

1.      The gravamen of this case is simple: Defendant American Stock Transfer & Trust Company, LLC ("**American Stock**") acts as a transfer agent for Two Rivers Water & Farming Company ("**Two Rivers**"), a publicly traded company.  Pursuant to a Warrant to Purchase Shares of Common Stock, Plaintiff Black Mountain Equities, Inc. ("**Black Mountain**") acquired 6,471,632 common shares of Two Rivers stock on March 24, 2021.  However, American Stock failed to issue Black Mountain with a certificate evidencing its ownership of the shares or to register the shares in Black Mountain's name.  There is no basis at law for American Stock to refuse to do so, which is the reason for this lawsuit.

## II.
## THE PARTIES

2.      Plaintiff Black Mountain Equities, Inc. is a California corporation with its principal place of business in San Diego, California.

3. Defendant American Stock Transfer & Trust Company, LLC is a limited liability company none of whose members are a citizen of California, and which can be served with process through the New York Department of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

### III.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 (diversity jurisdiction). Complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

5. Venue and personal jurisdiction over the Defendant is proper in this Court under 28 U.S.C. § 1391 because Defendant is a limited liability company with its principal place of business at 6201 15th Ave, Brooklyn, New York 11219. Accordingly, Defendant resides in this district and a substantial number of the events, omissions, and decisions alleged in this case occurred in this District.

### IV.

### FACTUAL BACKGROUND

6. Plaintiff Black Mountain is a financial institution who works with small businesses in need of capital to help grow their businesses and allow them to flourish. It is a critical component in the world of finance as many businesses, such as Defendant Two Rivers, are in need of investment capital, but lack the requisite historical performance and financial stability to appeal to larger financial institutions—in other words, they are very risky bets.

7. Two Rivers is a publicly traded entity (ticker symbol "TURV") that sought to raise capital for continuing operations and growth of its business.

8. On April 26, 2017, Black Mountain and Two Rivers originally entered into a Promissory Note under which Black Mountain lent, and Two Rivers agreed to repay, $330,000 in principal. As noted above, Black Mountain acts as a lender to businesses who frequently are unable to obtain financing from major financial institutions. It places relatively "risky bets" on businesses it analyzes and believes will perform, and in the process serves a valuable role in the financial industry, making capital available to numerous successful businesses who would have been shut out were lenders such as Black Mountain not available to finance their operations.

9. Two Rivers later requested an extension on the maturity date of the note. In exchange for this extension, and other valuable consideration, Black Mountain and Two Rivers entered into the Amendment to Promissory Note, a true and correct copy of which is attached hereto as **Exhibit A**.

10. As part of the consideration for the amendment, Two Rivers issued Black Mountain a Warrant to Purchase Shares of Common Stock, a true and correct copy of which is attached hereto as **Exhibit B** (the "**Warrant**").

11. The Warrant originally granted Black Mountain the option to purchase 146,000 shares of Two Rivers common stock at an exercise price of $1 per share.

12. However, the Warrant also contains an industry standard anti-dilution and best-pricing provision that adjusts the Exercise Price of $1 per share downwards to match the price of any later-issued Two Rivers common stock, or common stock equivalents. This language (Section 5.2 of the Warrant) is necessary to preserve the value of Two Rivers' promise to Black Mountain; otherwise, Black Mountain could simply issue a million shares of its stock to a third party at a penny per share and dilute the value of Black Mountain's option to purchase $146,000 of Two

Rivers stock to an amount far less than $146,000.  Hereafter, Section 5.2 of the Warrant is referred to as the "**Anti-Dilution Provision**."

    13.    The Anti-Dilution Provision provides as follows:

> 5.2.  **Subsequent Equity Sales**.  If the Company or any Subsidiary thereof, as applicable, at any time while this Warrant is outstanding, shall sell or grant any option to purchase, or sell or grant any right to reprice, or otherwise dispose of or issue (or announce any offer, sale, grant or any option to purchase or other disposition) any Common Stock or Common Stock Equivalents entitling any person to acquire shares of Common Stock, at an effective price per share less than the then Exercise Price (such lower price, the "**Base Share Price**" and such issuances collectively, a "**Dilutive Issuance**") (if the holder of the Common Stock or Common Stock Equivalents so issued shall at any time, whether by operation of purchase price adjustments, reset provisions, floating conversion, exercise or exchange prices or otherwise, or due to warrants, options or rights per share which are issued in connection with such issuance, be entitled to receive shares of Common Stock at an effective price per share which is less than the Exercise Price, such issuance shall be deemed to have occurred for less than the Exercise Price on such date of the Dilutive Issuance), then the Exercise Price shall be reduced (and only reduced) to equal the Base Share Price and the number of Warrant Shares issuable hereunder shall be increased such that the Aggregate Exercise Price Payable hereunder, after taking into account the decrease in the Exercise Price, shall be equal to the Aggregate Exercise Price Payable prior to such adjustment..  Such adjustment shall be made whenever such Common Stock or Common Stock Equivalents are issued.  The Company shall notify the Holder in writing, no later than the Trading Day following the issuance of any Common Stock or Common Stock Equivalents subject to this Section 5.2, indicating therein the applicable issuance price, or applicable reset price, exchange price, conversion price and other pricing terms (such notice the "**Dilutive Issuance Notice**").  For purposes of clarification, whether or not the Company provides a Dilutive Issuance Notice pursuant to this Section 5.2, upon the occurrence of any Dilutive Issuance, after the date of such Dilutive Issuance the Holder is entitled to receive a number of Warrant Shares based upon the Base Share Price regardless of whether the Holder accurately refers to the Base Share Price in the Notice of Exercise.  No adjustment will be made for shares issued to Water Redevelopment Co.
>
> Initial: _/s/_

    14.    In 2020, Two Rivers issued common stock to a third party, Auctus Fund, at a price of $0.02256 per share.

    15.    This meant that under the Anti-Dilution Provision, Black Mountain automatically obtained the right to obtain $146,000 of Two Rivers' common stock at an Adjusted Exercise Price of $0.02256 (the same price granted to Auctus Fund).

16. On March 24, 2021, Black Mountain issued Two Rivers an Exercise Notice under its Warrant requesting issuance of 6,471,632 common shares of Two Rivers at the Adjusted Exercise Price of $0.02256 per share. A true and correct copy of this Notice of Exercise is attached hereto as **Exhibit C**.

17. American Stock serves as Two Rivers' transfer agent.

18. Although Black Mountain lawfully acquired 6,471,632 common shares of Two Rivers stock under the terms of its Warrant, American Stock has refused to issue Black Mountain a certificate evidencing its ownership of the shares or to register the shares in Black Mountain's name.

## V.
## CAUSES OF ACTION
### FIRST CAUSE OF ACTION: VIOLATION OF UCC SECTIONS 8-501, 8-503 AND 8-506

19. The foregoing allegations are incorporated by reference as if fully set forth herein.

20. Under UCC § 8-501(b)(3), a person acquires a securities entitlement if a securities intermediary "becomes obligated under other law, regulation, or rule to credit a financial asset to the person's securities account."

21. Defendant American Stock is a securities intermediary under the UCC.

22. Under the terms of UCC § 8-501(b)(3), Black Mountain holds a securities entitlement in 6,471,632 common shares of Two Rivers stock under the terms of its Warrant as of its March 24, 2021 Notice of Exercise (**Exhibit C**).

23. UCC § 8-501(c) further states that: "If a condition of subsection (b) has been met, a person has a security entitlement even though the securities intermediary does not itself hold the financial asset."

24. Accordingly, as a securities intermediary, American Stock is obligated to issue a certificate of ownership of the Shares to Black Mountain and to register the Shares in Black Mountain's name, and its failure to do so constitutes a violation of UCC § 8-501.

25. Defendant is the custodian of Plaintiff's Shares. Under UCC § 8-503(a): "… all interests in that financial asset held by the securities intermediary are held by the securities intermediary for the entitlement holders, [and] are not property of the securities intermediary."

26. Moreover, under UCC § 8-506, "[a] securities intermediary shall exercise rights with respect to a financial asset if directed to do so by an entitlement holder."

27. Pursuant to the provisions of the UCC, Plaintiff is entitled to injunctive and other relief as allowed by law.

### SECOND CAUSE OF ACTION: CONVERSION

28. The foregoing allegations are incorporated by reference as if fully set forth herein.

29. Plaintiff has a possessory right to the Shares as a matter of law, and hereby directs American Stock to grant Plaintiff possession of the Shares.

30. Defendant is exercising dominion over the Shares in derogation of Plaintiff's rights to have the Shares, to hold them in its own broker account, and to sell them if it chooses to.

31. Nontangible property, such as securities and the opportunity to sell them, is a property right that can be usurped under a theory of conversion. *Roemer & Featherstonhaugh, P.C. v Featherstonhaugh*, 267 A.D.2d 697, 699 N.Y.S. 2d 603 (N.Y. App. Div. 1999) (wrongful usurpation of stock options and business opportunities held to constitute conversion).

32. Defendant is holding Plaintiff's property to the exclusion of Plaintiff and its beneficial interests.

33. Defendant does so knowingly and intentionally.

34. Defendant is thus liable to Plaintiff for damages.

### THIRD CAUSE OF ACTION: BAILMENT

35. The foregoing allegations are incorporated by reference as if fully set forth herein.

36. Plaintiff pleads bailment in the alternative to conversion.

37. Two Rivers effectively allowed American Stock to serve as bailee.

38. American Stock has possession of the Shares.

39. However, the Shares do not belong to American Stock.

40. Under UCC § 8-503(a): "… all interests in that financial asset held by the securities intermediary are held by the securities intermediary for the entitlement holders, [and] are not property of the securities intermediary."

41. As such, American Stock has a duty to Plaintiff to account for the Shares when requested and to produce the same.

42. American Stock has failed to return the Shares when requested by Plaintiff and to release them to Plaintiff's broker.

43. Therefore, American Stock is liable to Plaintiff for damages under a bailment theory.

### FOURTH CAUSE OF ACTION: INJUNCTIVE RELIEF

44. The foregoing allegations are incorporated by reference as if fully set forth herein.

45. In order to be entitled to injunctive relief, Plaintiff must demonstrate a likelihood of success on the merits; the likelihood of irreparable harm absent an injunction; that the balance of equities tips in favor of Plaintiff; and that the injunction is in the public interest.

46. As detailed above, Plaintiff has a likelihood of success on the merits of its claims. Its entitlement to 6,471,632 common shares of Two Rivers stock as of the date of its Notice of Exercise is indisputable.

47. Absent an injunction, Plaintiff will be irreparably harmed. The value of Two Rivers' common stock fluctuates on the open market and every day that passes in which Plaintiff is deprived of its rightful ownership of the Shares risks irreparable harm to Plaintiff due to the possibility of either a negative fluctuation in the value of the shares, or Plaintiff's loss of the ability to profit from an upward swing in the Shares' value.

48. The balance of equities tips in favor of Plaintiff. American Stock will not be harmed or prejudiced by the issuance of an injunction because Plaintiff's entitlement to 6,471,632 common shares of Two Rivers stock as of the date of its Notice of Exercise is indisputable.

49. The requested injunction will also be in the public interest; indeed, the requested injunctive relief mirrors American Stock's obligations under the UCC, and it is in the public interest for the provisions of the Uniform Commercial Code to be uniformly followed and enforced.

50. Plaintiff therefore requests an affirmative or mandatory injunction ordering Defendant American Stock to issue Plaintiff a certificate evidencing its ownership of the Shares, and to register the Shares in Plaintiff's name.

## VI.

## **PRAYER FOR RELIEF**

51. WHEREFORE, Plaintiff requests that the Court enter an order mandating that Defendant American Stock Transfer & Trust Company, LLC to issue Plaintiff a certificate evidencing its ownership of 6,471,632 common shares of Two Rivers Water & Farming Company, and to register the Shares in Plaintiff's name.

52. In the alternative, Plaintiff prays for monetary damages.

53. Plaintiff further requests its reasonable and necessary attorneys' fees and costs, as allowed by law.

54. Plaintiff further generally requests all relief, whether at law or in equity, the Court finds to be equitable and just.

Dated: April 1, 2021                    **SBAITI & COMPANY, PLLC**

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti
NY Bar No. 4339057
mas@sbaitilaw.com
SBAITI & COMPANY PLLC
J.P. Morgan Chase Tower
2200 Ross Avenue, Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367

*Counsel for Plaintiffs*