**ABV** Allegaert Berger & Vogel LLP

David A. Berger
Direct: 212.616.7080
dberger@abv.com

ATTORNEYS

111 Broadway, 20th Floor
New York, New York 10006
212.571.0550
212.571.0555 Fax

1199 Route 22 East
Mountainside, New Jersey 07092
908.228.8500
908.228.8515 Fax

15 North Main Street, Suite 100
West Hartford, Connecticut 06107
860.785.3133
860.650.1901 Fax

www.ABV.com

June 17, 2021

**BY ECF**

The Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Black Mountain Equities, Inc. v. American Stock Transfer & Trust Company, LLC*
(Case No. 1:21-cv-01791-WFK-TAM)

Dear Judge Kuntz:

We represent Defendant American Stock Transfer & Trust Company, LLC ("AST"), and write, pursuant to Rule III(B)(3) of Your Honor's Individual Motion Practices and Rules, to respectfully request a pre-motion conference to address AST's anticipated motion, pursuant to Rules 12(b)(6) and 12(b)(7), Fed. R. Civ. P., to dismiss the Complaint of Plaintiff Black Mountain Equites, Inc. ("Plaintiff") for failure to state a claim upon which relief can be granted and for failure to join a required party.

AST serves as a securities transfer agent for non-party Two Rivers Water & Farming Company ("Two Rivers"). Plaintiff alleges that it is a creditor of Two Rivers, and that Two Rivers is obligated to issue Plaintiff over six million shares of its stock (the "Shares") pursuant to a Warrant to Purchase Shares of Common Stock (the "Warrant") executed solely by Two Rivers (and not by AST). (Dkt. No. 1, Compl. ¶¶ 15-16 & Exh. B.) Notwithstanding that Plaintiff claims to have acquired the Shares "[p]ursuant to" the Warrant (Complaint ¶ 1), Plaintiff – all of whose claims flow from that supposed acquisition of the Shares – has failed to join the obligor under the Warrant, *i.e.*, Two Rivers, as a party. This failure is fatal to Plaintiff's Complaint. As set forth below, Plaintiff has failed to plead any actionable claim against AST, a third party to the Warrant, that would allow Plaintiff to obtain from AST relief that it should seek, if at all, from Two Rivers. Further, under directly on-point authority of this Court, Two Rivers is a required party such that Plaintiff's failure to join Two Rivers is an independent basis for dismissal.

**ABV  Allegaert Berger & Vogel LLP**

The Honorable William F. Kuntz, II
June 17, 2021
Page 2

The lynchpin of Plaintiff's theory that it can obtain relief from AST despite its lack of a contractual relationship with AST is that it claims to be an "entitlement holder" under Section 8-501(b)(3) of the New York Uniform Commercial Code ("UCC") (*see* Compl. ¶¶ 19-27). But Plaintiff is not an "entitlement holder" as a matter of law, such that its entire Complaint collapses because Plaintiff has no standing to demand relief from AST, whether under the UCC or under its common law claims for conversion and bailment. *See generally Levy v. Southbrook Int'l Invs., Ltd.*, 263 F.3d 10, 14 (2d Cir. 2001) ("dismissal is appropriate if the plaintiff can prove no set of facts that would entitle him to relief"); *Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 97 (E.D.N.Y. 2004) (due process claim dismissed when "[plaintiff]'s own pleadings conclusively demonstrate that [plaintiff] was afforded all process due him").

Under UCC Section 8-501(b), a person acquires a security entitlement and becomes an entitlement holder if a securities intermediary: "(1) indicates by book entry that a financial asset has been credited to the person's securities account; (2) receives a financial asset from the person or acquires a financial asset for the person and, in either case, accepts it for credit to the person's securities account; or (3) becomes obligated under other law, regulation, or rule to credit a financial asset to the person's securities account." UCC § 8–501(b). Plaintiff alleges that AST is a "securities intermediary" and relies upon the third of these provisions ("other law, regulation, or rule"). (*See* Compl. ¶¶ 20-21.)

Plaintiff's invocation of Section 8-501(b)(3) is misplaced. *First*, that provision is available only to a party that has a "securities account" with the securities intermediary, which requires a "consensual arrangement" whereby "the intermediary undertakes to treat the customer as entitled to exercise the rights that comprise the financial asset." UCC § 8–501(b), com. 1; *see, e.g., Ellington Long Term Fund, Ltd. v. Goldman, Sachs & Co.*, No. 09 Civ. 9802, 2010 WL 1838730, at *1-3 (S.D.N.Y. May 4, 2010) (where plaintiff maintained securities accounts with the defendant, plaintiff was an "entitlement holder" and defendant was a "securities intermediary"); *S.E.C. v. Credit Bancorp, Ltd.,* No. 99 Civ. 11395, 2000 WL 1752979, at *21 (S.D.N.Y. Nov. 29, 2000), *aff'd*, 290 F.3d 80 (2d Cir. 2002) (Intervenors recognized as entitlement holders where they had 'securities accounts' with a 'securities intermediary); *Accord, Nathan W. Drage, P.C. v. First Concord Sec., Ltd.,* 184 Misc. 2d 92, 707 N.Y.S.2d 782, 782-786 (N.Y. Sup. Ct. 2000). The Complaint fails entirely to allege that Plaintiff has the required "securities account" with AST – or, indeed, that it has any contractual relationship with AST. (*See, e.g.*, Compl. Exs. A-C (AST is not party to any of the agreements attached to Complaint).)

*Second*, Plaintiff also fails to identify any "other law, regulation, or rule" that would obligate AST "to credit [the Shares] to [Plaintiff]'s securities account – and we are aware of none – thus failing to plead the elements of a claim under Section 8-501(b)(3) upon which it relies.

Plaintiff's common-law claims fail for the same reason – because it can allege no right to require AST to credit the Shares to its (nonexistent) securities account, it follows

**ABV  Allegaert Berger & Vogel LLP**

The Honorable William F. Kuntz, II
June 17, 2021
Page 3

logically that Plaintiff likewise cannot allege that AST has converted the Shares or holds them as a bailee.  To state a claim for conversion of an interest in stock, "a plaintiff must allege that it 'was issued stock certificates that were taken by defendants' or that it had some other kind of possession of the shares."  *LG Cap. Funding, LLC v. PositiveID Corp.*, No. 17-CV-1297-NGG-SJB, 2019 WL 3437973, at *19 (E.D.N.Y. July 29, 2019), *report and recommendation adopted*, 2019 WL 4564882 (E.D.N.Y. Sept. 20, 2019) (conversion claim failed because plaintiff admitted to never having received possession of the shares), quoting *Jin Young Chung v. Yoko Sano*, No. 10-CV-2301, 2011 WL 1303292, at *17 (E.D.N.Y. Feb. 25, 2011)*, report and recommendation adopted*, 2011 WL 1298891 (E.D.N.Y. Mar. 31, 2011).  Similarly, when a bailor does not relinquish exclusive possession over property to a bailee, a bailment relationship does not exist.  *See Johnson v. Gumer,* 149 A.D.2d 933, 540 N.Y.S.2d 66, 66-67 (4th Dept. 1989) (no bailment relationship when alleged bailor did not give up possession or custody of shares).  Since Plaintiff's claim is that AST never issued or registered shares to Plaintiff (Compl. ¶ 18), the Complaint admits that Plaintiff never had initial possession of the Shares.  Accordingly, Plaintiff's common-law claims must be dismissed.[1]

Finally, the Complaint should also be dismissed pursuant to Rule 19, Fed. R. Civ. P., for failure to join a required party.  Because Plaintiff's alleged right to the Shares flows from the Warrant issued by Two Rivers, Plaintiff's failure to join Two Rivers exposes AST – not to mention Two Rivers – to the risk of double or inconsistent obligations.  For example, if Plaintiff were to succeed in requiring AST to deliver the Shares to it, Two Rivers could later bring a separate action against AST demanding the same Shares be delivered to it.  In similar circumstances, this Court has held that the issuer is a required party under Rule 19 when a plaintiff seeks to compel the issuer's transfer agent to transfer shares to it.  *Boat Basin Invs., LLC v. First Am. Stock Transfer, Inc.*, No. 03 CIV. 493, 2003 WL 282144, at *8-10 (S.D.N.Y. Feb. 7, 2003) ("[Issuer] is a party to almost all of the agreements underlying the dispute here and should not have those agreements interpreted, enforced or vitiated in its absence").

Respectfully submitted,

David A. Berger

cc:   Mazin A. Sbaiti, Esq.

---

[1] Plaintiff's fourth cause of action, for injunction, fails for the same reasons as the substantive claims upon which it is based.  *See Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 407 (S.D.N.Y. 2010) ("Injunction is not a separate cause of action; it is a remedy.")