**ABV** Allegaert Berger & Vogel LLP

David A. Berger
Direct: 212.616.7080
dberger@abv.com

ATTORNEYS

111 Broadway, 20th Floor
New York, New York 10006
212.571.0550
212.571.0555 Fax

1199 Route 22 East
Mountainside, New Jersey 07092
908.228.8500
908.228.8515 Fax

15 North Main Street, Suite 100
West Hartford, Connecticut 06107
860.785.3133
860.650.1901 Fax

www.ABV.com

June 22, 2021

**BY ECF**

The Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Black Mountain Equities, Inc. v. American Stock Transfer & Trust Company, LLC*
(Case No. 1:21-cv-01791-WFK-TAM)

Dear Judge Merkl:

  We represent Defendant American Stock Transfer & Trust Company, LLC ("AST"), and write, with the consent of counsel for Plaintiff Black Mountain Equities, Inc. ("Plaintiff"), pursuant to Rule 26(c)(1), Fed. R. Civ. P., to respectfully request an extension of time of thirty (30) days from each date set forth in Your Honor's Scheduling Order entered today (the "Scheduling Order") (incorporating by reference the Initial Conference Order entered by Magistrate Judge Kuo in this action on April 6, 2021 [Dkt. No. 5.]). As discussed below, the parties believe that resolution of an imminent preliminary injunction motion in an action brought by Plaintiff against Two Rivers Water & Farming Company ("Two Rivers"), a non-party in this action, may have substantial implications for this action, including potentially its full resolution, and accordingly that the requested extensions could conserve substantial judicial and party resources.

  AST serves as a securities transfer agent for Two Rivers. Plaintiff alleges that it is a creditor of Two Rivers and that Two Rivers is obligated to issue Plaintiff over six million shares of its stock (the "Shares") pursuant to a Warrant to Purchase Shares of Common Stock (the "Warrant") executed solely by Two Rivers (and not by AST). [Dkt. No. 1, Compl. ¶¶ 15-16 & Exh. B.] Plaintiff alleges that it acquired the Shares "[p]ursuant to" the Warrant (Complaint ¶ 1). Thus, in AST's view, because all of Plaintiff's claims flow from Plaintiff's alleged acquisition of the Shares, Two Rivers is a required party in this action, and its absence is

**ABV  Allegaert Berger & Vogel LLP**

The Honorable Taryn A. Merkl
June 22, 2021
Page 2

otherwise fatal to Plaintiff's Complaint, as any actionable claim by Plaintiff arising under the Warrant would need to be brought, if at all, against Two Rivers.  Accordingly, on June 17, 2021, AST filed a pre-motion letter request with Judge Kuntz concerning AST's anticipated motion, pursuant to Rules 12(b)(6) and 12(b)(7), Fed. R. Civ. P., to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and for failure to join a required party. [Dkt. No.11.].  Judge Kuntz entered an order on June 21, 2021 [Dkt. No. 12] dispensing with the pre-motion conference requirement and therefore denying AST's application for a pre-motion conference as moot and ordering a briefing schedule on AST's motion.  That schedule calls for AST's motion to be filed by July 23, 2021.

   Plaintiff has advised the undersigned that, on or about April 1, 2021, Plaintiff commenced a separate action against Two Rivers in the United States District Court for the Southern District of California, Case No.3:21-cv-00571-JLS-BGS.  In that case, the Court has scheduled a hearing on Plaintiff's motion for a preliminary injunction for July 6, 2021, by which Plaintiff seeks an order directing Two Rivers to deliver the Shares.  The resolution of that preliminary injunction motion could, as a practical matter, have substantial implications for this action, including the potential resolution thereof.

   Furthermore, Mr. Sbaiti, Counsel for Plaintiff, has a pre-planned and prepaid family vacation beginning on July 2, 2021, and will be on an airplane right when the Court had scheduled the hearing on July 2, 2021.

   In light of the foregoing, the parties jointly and respectfully request that all discovery deadlines set forth in the Scheduling Order, including the July 2, 2021 initial conference, be stayed and adjourned for thirty (30) days.

   We thank the Court for its consideration of this matter.

              Respectfully submitted,

               David A. Berger

cc: Mazin A. Sbaiti, Esq.